UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

HSBC BANK USA, N.A., HSBC MORTGAGE
CORPORATION (USA), VIRGINIA
HAMMERSMITH, and PATRIC LOMBARDI,

                Plaintiffs,            09 Civ. 8906

   -against-                          OPINION

NEW YORK CITY COMMISSION ON HUMAN
RIGHTS,

                Defendant.

------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 11/25/09

A P P E A R A N C E S:

   Attorneys for Plaintiffs

   PHILLIPS LYTLE LLP (Buffalo, NY)
   3400 HSBC Center
   Buffalo, NY 14203
   By: James R. Grasso, Esq.

   PHILLIPS LYTLE LLP (Madison Ave.)
   437 Madison Ave.
   New York, NY 10022
   By: Keith Michael Brandofino, Esq.

   Attorney for Defendants

   LAURA DIANE FLYER, ESQ.
   New York City Commission on Human Rights
   40 Rector Street
   New York, NY 10006

**Sweet, D.J.**

Plaintiffs HSBC Bank USA, N.A. ("HSBC Bank"), HSBC Mortgage Corporation (USA) ("HSBC Mortgage"), Virginia Hammersmith ("Hammersmith"), and Patrick Lombardi ("Lombardi") (collectively, "HSBC" or the "Plaintiffs"), have moved for a preliminary injunction enjoining defendant New York City Commission on Human Rights (the "Commission" or the "Defendant") from enforcing § 8-107(11) of the New York City Administrative Code ("Code") against them. Plaintiffs allege that § 8-107(11) of the Code conflicts with § 24 of the National Bank Act ("NBA"), 12 U.S.C. § 24, and § 19 of the Federal Deposit Insurance Act ("FDIA"), 12 U.S.C. § 1829(a), and is therefore preempted by those federal statutes pursuant to the Supremacy Clause of Article VI of the United States Constitution.  The Commission has cross-moved to dismiss Plaintiffs' complaint on the grounds that the Court should abstain from interfering with an ongoing state proceeding.

Upon the facts and conclusions set forth below, Plaintiffs' request for injunctive relief is denied and the complaint against the Commission dismissed.

I.  **PRIOR PROCEEDINGS**

On October 21, 2009, Plaintiffs filed their complaint against the Commission ("Complaint") seeking a declaratory judgment that §§ 8-107(10) and (11) of the Code[1] are preempted by 12 U.S.C. §§ 24 and 1829(a) to the extent they prohibit HSBC from denying employment to an officer who has entered into an adjournment in contemplation of dismissal under New York Criminal Procedure Law § 170.55 in connection with a violation of New York Penal Law § 240.50. Plaintiffs also sought to enjoin the Commission from taking action against them in the matter captioned "In the Matter of the Complaint of: Fangshou Hsu, Complainant, against, HSBC Bank USA, N.A., Virginia Edmonston and Patrick Lombardi, Respondents," Complaint No. M-E-T-9-1021059 (OATH Index No. 100522).

On October 23, 2009, Plaintiffs filed an order to show cause, pursuant to Rule 65, Fed. R. Civ. P., seeking a temporary restraining order and preliminary injunction in connection with the relief sought in their Complaint. The request for a temporary restraining order was denied. On

---

[1] Plaintiffs originally sought an injunction against the enforcement of §§ 8-107(10) and (11) of the Code. The Commission, however, has represented that the pending proceedings seek only to enforce § 8-107(11) of the Code.

2

November 2, 2009, Defendants cross-moved to dismiss the Complaint.

Plaintiffs' motion for a preliminary injunction and Defendant's motion to dismiss were heard and marked fully submitted on November 4, 2009.

## II. THE FACTS

The facts are set forth in the parties' affidavits submitted in connection with the present motions.

HSBC Bank is a national bank subject to the laws of the NBA, 12 U.S.C. § 21, et seq. HSBC Bank is regulated by, among other federal agencies, the Office of the Comptroller of the Currency and the Federal Deposit Insurance Corporation ("FDIC"). HSBC Bank is an "insured depository institution" as set forth in 12 U.S.C. § 1813(c)(2).

HSBC Mortgage is a wholly-owned subsidiary of HSBC Bank and is engaged in the business of making mortgage loans.

Hammersmith is an individual and former employee of HSBC Bank. During the relevant time period, Hammersmith served as a Recruiting Specialist - Resourcing for HSBC Bank. Her duties included recruiting potential employees for HSBC Mortgage.

Lombardi is a currently an employee of HSBC Bank and was a Retail Mortgage Consultant of HSBC Mortgage during the relevant time period.

The Commission is a city administrative agency charged with enforcing Title 8 of the Code, also known as the New York City Human Rights Law. See New York City Administrative Code §§ 8-107(3)-(5).

Fangshou Hsu ("Hsu"), a resident of Flushing, New York, was arrested by officers of the New York City Police Department ("NYPD") on March 25, 2007, and charged with a misdemeanor for making a false report in violation of New York Penal Law § 240.50. On July 11, 2007, the prosecuting district attorney granted Hsu an adjournment in contemplation of dismissal ("ACD") pursuant to New York Criminal Procedure Law § 170.55. The only condition for

having the claim dismissed in six months was that Ms. Hsu remain out of trouble during that period of time.

In late November 2007, Hsu applied for employment with HSBC Mortgage as a Retail Mortgage Consultant. On or about December 10, 2007, Hammersmith granted Ms. Hsu an employment offer as a Mortgage Loan Consultant, subject to a criminal background check. The background check revealed Hsu's March 25, 2007 arrest and the criminal charges against her. Hsu provided a certificate of disposition showing that she had received an ACD.

On January 10, 2008, the Queens criminal court dismissed the charges against Hsu. While the records were to be sealed following the dismissal, they remained accessible at the time of HSBC's background check.

On or about January 24, 2008, HSBC Mortgage denied Hsu employment following its determination that it was barred from hiring Hsu under § 19 of the FDIA.

On or about November 6, 2008, Hsu filed a complaint with the Commission against HSBC Bank, Hammersmith, and Lombardi, alleging that they discriminated

5

against her because of her arrest record in violation of § 8-107(11) of the Code which prohibits employment discimination on the basis of an applicant's arrest record. Plaintiffs served an answer to the complaint on December 22, 2008, admitting that they rescinded an offer of employment due to the arrest.

On May 13, 2009, the FDIC issued an opinion letter stating that an individual who had received an ACD under New York Criminal Procedure Law § 170.55 to resolve the charge of falsely reporting an incident in violation of New York Penal Law § 240.50 is barred under § 19 of the FDIA from employment with an insured depository institution or otherwise participating, directly or indirectly, in its affairs without the FDIC's prior consent.  The Commission was provided with a copy of the FDIC's opinion letter on May 21, 2009.  The Commission also received information from the FDIC indicating that § 19 of the FDIC may not apply to a bank's mortgage activities.

On July 31, 2009, the Commission issued a Notice of Probable Cause finding there existed probable cause to believe that Plaintiffs had discriminated against Hsu in violation of the Code.  The Commission has scheduled an

administrative trial on Hsu's complaint for December 3 and 4, 2009.

### III. **YOUNGER ABSENTION APPLIES**

Defendants challenge Plaintiffs' request for injunctive relief on the basis of the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). Younger abstention requires federal courts to refrain from enjoining pending state judicial proceedings, including administrative proceedings, in order to allow the state to resolve matters within its jurisdiction. Washington v. County of Rockland, 373 F.3d 310, 318 (2d Cir. 2004).

Under the Younger abstention doctrine, federal courts should abstain from enjoining pending state judicial proceedings when: (1) there is a pending state proceeding that would be disrupted by the relief sought in the federal suit; (2) an important state interest is involved; and (3) the proceeding gives the federal plaintiff an adequate opportunity to raise constitutional claims. See Univ. Club v. City of New York, 842 F.2d 37, 40 (2d Cir. 1998); Christ the King Reg'l High Sch. v. Culvert, 815 F.2d 219, 223-24 (2d Cir. 1987). The Supreme Court has held that courts

7

should apply the principles of Younger abstention even when a case presents a "substantial claim" that a state action is preempted by federal law. New Orleans Public Serv., Inc. v. Council of the City of New Orleans ("NOPSI"), 491 U.S. 350, 365 (1989).

The first two elements of the Younger abstention doctrine are easily satisfied in this action. The Commission's pending action clearly constitutes an "ongoing state proceeding." See Ohio Civil Rights Cmm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 n.2 (1986) (observing that "[t]he lower courts have been virtually uniform in holding that the Younger principle applies to pending state administrative proceedings in which an important state interest is involved"). Further, enforcement of discrimination claims has been held to constitute an important state interest. See Arbitron Inc. v. Cuomo, No. 08 Civ. 8497 (DLC), 2008 WL 4735227, at *5 (S.D.N.Y. Oct. 27, 2008) ("The elimination of discrimination is indisputably an important state interest when undertaking the analysis necessary for Younger's second prong."); see also Univ. Club, 842 F.2d at 40 ("'We have no doubt that elimination of prohibited sex discrimination is a sufficiently important state interest

8

to' justify Younger abstention." (quoting Dayton Christian Schs., 477 U.S. at 628)).

Finally, courts have recognized that the opportunity for judicial review of constitutional claims exists where adjudication of claims of discrimination proceed before city or state human rights commissions. See, e.g., Dayton Christian Schs., 477 U.S. at 629; Univ. Club, 842 F.2d at 40-41. Indeed, the Commission has dismissed cases in the past on the basis of preemption. See, e.g., Hahn & Lautz v. N.Y. State Nurses Assoc. Benefits Fund, Case No. M-E-M-09-1021505 (N.Y. City Comm'n on Human Rights Apr. 23, 2009). Finally, Plaintiffs' constitutional claim of preemption may also be raised in an Article 78 proceeding. See Dayton Christian Schs., 477 U.S. at 629; Univ. Club, 842 F.2d at 40-41. Consequently, the third prong of the Younger abstention analysis is satisfied.

Because there exists a pending administrative proceeding concerning an important state interest in which Plaintiffs' constitutional claims may be litigated, the requirements of the Younger abstention doctrine have been met.

9

## IV. THE "FACIALLY CONCLUSIVE" EXCEPTION TO YOUNGER ABSTENTION DOES NOT APPLY

An exception to Younger abstention exists where preemption is "facially conclusive" or "readily apparent" on the face of the pleadings. J.& W. Seligman & Co. v. Spitzer, No. 05 Civ. 7781 (KMW), 2007 WL 2822208, at *4 (S.D.N.Y. Sept. 27, 2007). Although the Second Circuit has yet to apply the "facially conclusive" exception to the Younger abstention doctrine, several other circuit courts have applied this exception. See, e.g., Woodfeathers, Inc. v. Washington County, 180 F.3d 1017, 1021-22 (9th Cir. 1999); Colonial Life & Accident Ins. Co. v. Medley, 572 F.3d 22, 26-27 (1st Cir. 2009); GTE Mobilnet of Ohio v. Johnson, 111 F.3d 469, 475 (6th Cir. 1997). Courts in this circuit have also recognized the Second Circuit Court of Appeal's likely application of the "facially conclusive" exception to Younger abstention. See J. & W. Seligman, 2007 WL 2822208, at *4 n.4 ("Although the Second Circuit has not spoken on this issue, it is likely that it would adopt the ["facially conclusive"] exception."); Terminix Int'l Co. v. Rocque, 210 F. Supp. 2d 97, 102 (D. Conn. 2002) (assuming the Second Circuit would follow other circuits in applying the "facially conclusive" exception).

10

The "facially conclusive" exception to Younger abstention applies only where there exists no unresolved questions of fact or law in deciding the preemption question. See NOPSI, 491 U.S. at 367 ("[W]hat requires further factual inquiry can hardly be deemed 'flagrantly' unlawful for purposes of a threshold abstention determination."); Colonial Life & Accident Ins., 572 F.3d at 29 (holding preemption defense not "facially conclusive" when it turned on an unsettled question of law). In particular, courts have found the "facially conclusive" exception to Younger abstention inappropriate where deciding the preemption issue would require "a detailed analysis of state law," see GTE Mobilnet, 111 F.3d at 478, or where the legal question on which the preemption issue turned was one of first impression for the court, see Woodfeathers, 180 F.3d at 1022. See also Colonial Life & Accident Ins., 572 F.3d at 29 (finding "facially conclusive" exception inapplicable where factual disputes remained); Terminix, 210 F. Supp. 2d at 102 (declining to apply "facially conclusive" exception where there existed a legal question of first impression).

11

In considering whether it is "facially conclusive" that abstention is appropriate, the question to be decided is not the ultimate issue of whether state law is preempted but rather whether unresolved legal and factual issues regarding preemption exist on the face of the relevant statutes. See NOPSI, 491 U.S. at 364-65 (rejecting argument that "a district court presented with a pre-emption-based request for equitable relief should take a quick look at the merits; and if upon that look the claim appears substantial, the court should endeavor to resolve it"); Colonial Life & Acc. Ins., 572 F.3d at 27-28.

§ 8-107(11) of the Code provides as follows:

> 11. Arrest record. It shall be an unlawful discriminatory practice, unless specifically required or permitted by any other law, for any person to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the person involved, any arrest or criminal accusation of such person not then pending against that person which was followed by a termination of that criminal action or proceeding in favor of such person, as defined in subdivision two of section 160.50 of the criminal procedure law, in connection with the licensing, employment or providing of credit to such person; provided, however, that the prohibition of such inquiries or adverse action shall not apply to licensing activities in relation of the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer

12

as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the Criminal Procedure Law.

§ 19 of the FDIA provides, in relevant part:

(a) Prohibition

   (1) In general

   Except with the prior written consent of the Corporation –

   (A) Any person who has been convicted of any criminal offense involving dishonesty or a breach of trust or money laundering, or has agreed to enter into a pretrial diversion or similar program in connection with a prosecution for such offense, may not –

       (i) become, or continue as, an institution-affiliated party with respect to any insured depository institution;

       (ii) own or control, directly or indirectly, any insured depository institution; or

       (iii) otherwise participate, directly or indirectly, in the conduct of the affairs of any insured depository institution; and

   (B) any insured depository institution may not permit any person referred to in subparagraph (A) to engage in any conduct or continue any relationship prohibited under such subparagraph.

§ 24 of the NBA provides, in relevant part:

> Upon duly making and filing articles of association and an organization certificate a national banking association shall become, as from the date of the execution of its organization certificate, a body corporate, and as such, and in the name designated in the organization certificate, it shall have power –
>
> \*        \*        \*
>
> Fifth. To elect or appoint directors, and by its board of directors to appoint a president, vice president, cashier, and other officers, define their duties, require bonds of them and fix the penalty thereof, dismiss such officers or any of them at pleasure, and appoint others to fill their places.

Here, it cannot be said that it is "facially conclusive" that § 19 of the FDIA preempts § 8-107(11) of the Code. First, it remains unclear whether New York's ACD is a "pre-trial diversion program" within the meaning of the FDIA.[2] Second, the scope of the phrase "participate, directly or indirectly, with the affairs of any depository

---

[2] While the FDIC has opined that New York ACD constitutes a "pre-trial diversion program" within the meaning of § 19 of the FDIA, its construction of provisions of the FDIA is entitled to deference only where "the agency's answer is based on a permissible construction of the statute." Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 843 (1984). Whether the FDIC's construction is, in fact, permissible for purposes of Chevron deference goes to the underlying merits of the preemption claim and is inappropriate for consideration in determining whether the preemption claim is "facially conclusive." See NOPSI, 491 U.S. at 364-65.

14

institution" is not defined on its face, and further analysis of the job responsibilities of a Mortgage Loan Consultant would be required to determine whether a Mortgage Loan Consultant working for the subsidiary of a nationally chartered bank would fall within the ambit of the prohibitions set forth in § 19 of the FDIA. These questions present both legal questions of first impression as well as factual issues that render application of the "facially conclusive" exception to Younger abstention inappropriate.

Similarly, factual and legal issues remain in connection with the application of § 24 of the NBA. In particular, determining whether Hsu would have been considered an "officer" for purposes of the § 24 of the NBA would require both a factual determination of the scope of her employment duties and statutory interpretation of § 24 of the NBA to determine the meaning of the term "officer."

Based on the foregoing, it cannot be said that it is "facially conclusive" or "readily apparent" that § 19 of the FDIA or § 24 of the NBA preempt § 8-107(11) of the Code. Application of the Younger abstention doctrine is therefore appropriate.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion a preliminary injunction is denied, and Defendant's motion to dismiss the Complaint is granted.

It is so ordered.

New York, NY
November 25, 2009

ROBERT W. SWEET
U.S.D.J.