UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

HSBC BANK USA, N.A., HSBC MORTGAGE
CORPORATION (USA), VIRGINIA
HAMMERSMITH, and PATRIC LOMBARDI,

               Plaintiffs,          09 Civ. 8906

   -against-                           OPINION

NEW YORK CITY COMMISSION ON HUMAN
RIGHTS,

               Defendant.

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1|8|10

A P P E A R A N C E S:

    Attorneys for Plaintiffs

    PHILLIPS LYTLE LLP (Buffalo, NY)
    3400 HSBC Center
    Buffalo, NY 14203
    By: James R. Grasso, Esq.

    PHILLIPS LYTLE LLP (Madison Ave.)
    437 Madison Ave.
    New York, NY 10022
    By: Keith Michael Brandofino, Esq.

    Attorney for Defendants

    LAURA DIANE FLYER, ESQ.
    New York City Commission on Human Rights
    40 Rector Street
    New York, NY 10006

**Sweet, D.J.**

Plaintiff HSBC Mortgage Corporation (USA) ("HSBC Mortgage") has moved for reconsideration of the Court's November 25, 2009 opinion (the "November 25 Opinion") denying Plaintiffs' motion for a preliminary injunction enjoining defendant New York City Commission on Human Rights (the "Commission" or the "Defendant") from enforcing § 8-107(11) of the New York City Administrative Code ("Code") against them and granting Defendant's motion to dismiss the complaint. HSBC Mortgage seeks reinstatement of its declaratory judgment action against the Commission.

The present motion was marked fully submitted on December 16, 2009.

"Pursuant to Local Civil Rule 6.3, a party seeking reconsideration must demonstrate that the Court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." Nat'l Cong. for Puerto Rican Rights v. City of New York, 191 F.R.D. 52, 53 (S.D.N.Y. 1999) (internal quotation marks omitted); see also Borochoff v. GlaxoSmithKline PLC, 07 Civ. 5574 (LLS), 2008 WL 3466400, at *1 (S.D.N.Y. Aug.

1

12, 2008) ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992))). Reconsideration of a court's prior decision is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted).

In seeking reconsideration of the November 25 Opinion, HSBC Mortgage argues that the Court's application of the Younger abstention doctrine should not apply to it because, unlike the other plaintiffs, HSBC Mortgage is not a party to the administrative proceedings before the Commission. This argument, however, was not raised in Plaintiffs' opposition to the Commission's motion to dismiss, and HSBC Mortgage cannot now raise a new argument that was previously available to them.

Moreover, Courts have recognized that Younger abstention can apply to third parties not named in the

2

ongoing state proceeding. For example, in <u>Hicks v. Miranda</u>, 422 U.S. 332 (1975), the Supreme Court held that abstention applied to two theater owners seeking to enjoin state criminal proceedings against the theater's employees because the interests of the owners and employees "were intertwined." <u>Id.</u> at 348-49. The Second Circuit has similarly upheld the application of <u>Younger</u> abstention to a third party unnamed in a pending state proceeding where its legal arguments were "unavoidably intertwined and inseparable" with those of the parties actually named in the state action. <u>Spargo v. N.Y. State Comm'n on Judicial Conduct</u>, 351 F.3d 65, 82-84 (2d Cir. 2003).

The interests of HSBC Mortgage and plaintiff HSBC Bank USA, N.A. ("HSBC Bank") are clearly intertwined. They both share the same legal interest in this action insofar as they both assert that they are subject to § 19 of the Federal Deposit Insurance Act ("FDIA") and § 24 of the National Bank Act ("NBA") and that these statutes preempt § 8-107(11) of the Code. Indeed, in asserting that they would be irreparably harmed in the absence of injunctive relief, Plaintiffs drew no distinction between the legal interest of HSBC Bank and HSBC Mortgage, instead representing that both would be equally harmed by the

3

Commission's proceedings. HSBC Mortgage is also a wholly-owned subsidiary of HSBC Bank, and both entities are related in ownership and management, including management and control of employment decisions. For example, although Fangshou Hsu ("Hsu") applied for a Retail Mortgage Consultant position at HSBC Mortgage, her offer of employment came from HSBC Bank, which also later rescinded the offer. HSBC Bank and HSBC Mortgage are also represented by the same attorneys. See Hicks, 422 U.S. at 349.

Contrary to HSBC Mortgage's assertion, this is not a situation in which HSBC Mortgage has legal rights independent of the other plaintiffs.[1] Moreover, granting HSBC Mortgage's request for declaratory relief would allow it to refuse employment to Hsu and undermine a finding in Hsu's favor by the Commission. Thus, HSBC Mortgage's declaratory judgment action would, as a practical matter, constitute the type of direct interference with a state proceeding Younger abstention seeks to avoid.

---

[1] Plaintiff's citation to Kunz v. New York State Commission on Judicial Conduct, 356 F. Supp. 2d 188 (N.D.N.Y. 2005) is inapposite. In Kunz, the plaintiff sought to vindicate entirely different constitutional rights than the rights of the third party against whom the state proceedings had been brought. See id. at 193-94 (finding plaintiff's assertion of due process and free association rights to be independent of third party's Sixth Amendment claims). No such distinction exists here.

4

For the foregoing reasons, HSBC Mortgage's motion for reconsideration is denied.

It is so ordered.

**New York, NY**
**January 7, 2010**

ROBERT W. SWEET
U.S.D.J.